E-FILED
Wednesday, 28 February, 2007  02:18:47 PM
Clerk, U.S. District Court, ILCD

# IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
### SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  04-30065 |
| | ) | |
| THOMAS G. ADCOCK JR., | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter came before the Court on Defendant Thomas G. Adcock Jr.'s (Adcock) sentencing hearing held February 26, 2007.  Defendant Adcock was present in person and through his attorneys Jon Gray Noll and Daniel Fultz.[1]  The Government was present through Assistant United States Attorney Patrick Hansen.  On November 14, 2006, following a jury trial, Adcock was found guilty of the following charges in the Indictment (d/e 1): Wire Fraud in violation of 18 U.S.C. § 1343, as alleged in Counts 1 through 6 of the Indictment; Theft of Housing Authority Funds, in

---

[1]The Court notes that Attorney Fultz arrived late to the hearing due to prior obligations.  Defendant waived Fultz's presence for part of the hearing.

violation of 18 U.S.C. § 666, as alleged in Counts 7 through 9 of the Indictment; and False Statement Within Jurisdiction of United States, in violation of 18 U.S.C. § 1001, as alleged in Counts 10 through 12 of the Indictment.[2]

The Court received a Second Revised Presentence Report (PSR), dated January 5, 2007, prepared by the United States Probation Office.  The Court also received the Defendant's Sentencing Memorandum (d/e 59).  The Government had no objections to the PSR.  Defendant, through counsel, made two objections to the findings in the PSR.  Defendant objected to the finding in ¶ 43, which found that Defendant should receive a two-level enhancement in his offense level for abuse of position of public or private trust under U.S.S.G. § 3B1.3.  For the reasons stated of record, the objection was overruled.  The Court noted the imposition was proper because Defendant submitted a bid for painting work in the name of A-1 or A+ Maintenance, while concealing his interest in the company, and listed himself as a reference for this company that was unknown to the board members and recommended the selection of this company to the board.  The fact that the board members trusted the Defendant in his role as a

---

[2]On December 15, 2006, the Court denied Defendant's post-trial motions.

supervisor of the Maintenance Department was certainly one of the factors that led to the selection of A-1 or A+ Maintenance for the contract.  The Court noted that the record reflected that Defendant's actions were given great credence by Reva Woolard, Executive Director of Housing Authority of Christian County.  Moreover, Defendant failed to disclose the fact that he was submitting vouchers at times for work that had not been completed, and the fact that the bulk of the money was going to the Defendant himself, while he was supposed to be verifying that the work was done for the Housing Authority.

Defendant, through counsel, also objected to the imposition of a two-level enhancement in his offense level for obstruction of justice under U.S.S.G. § 3C1.1.  For the reasons stated of record, the objection was overruled.  The Court determined that the enhancement was proper.  The Court held that the adjustment applies when a defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the offense of conviction.  U.S.S.G. § 3C1.1.  In making its determination, the Court relied in part on the information set forth in ¶ 35 of the PSR.  The Court noted that Defendant's statements to Special Agent

Luke Humphrey during the investigation were false when the Defendant told Special Agent Humphrey that Naidean Miller came up with the bid amounts after thinking about how long it would take her to paint each unit. This statement was later changed to Miller told the Defendant the amounts to put on the bid and so he put them down for her. Both statements were false and material to the investigation. Contrary to Defendant's statements, Miller was not even aware that a bid had been submitted in her name. Further, Defendant's statement to Special Agent Humphrey that Miller and his son Justin Adcock were the business partners in A-1 or A+ Maintenance was false. Neither Justin nor Miller knew they were business partners in any such business.

Further, Defendant's testimony at trial concerning the prevailing wage statements was knowingly false and material. His testimony that Woolard told him to sign Miller's name as owner was false. Woolard testified at trial that the listing of Miller on such statements as the owner of the company was something that mattered. Based on these reasons, the Court found that the enhancement was proper for obstruction of justice.

Defendant noted that the PSR indicated, on page 23, that he had an objection as to the loss amount. Defendant clarified that it was not an

4

objection as to the loss amount, but that it was an objection as to the restitution amount.

Defendant made <u>pro</u> <u>se</u> objections to the statements in ¶¶ 14, 15, 16, 17, 18, 19, 21, 22, 23, 27, 33, and 34.  The Court stated that Defendant's objections to these paragraphs would not affect the Guideline range, and that the statements in these paragraphs were supported by the evidence presented at trial.  The Court overruled all of the objections, with the exceptions of ¶ 33 and 34, noting that it would disregard the statements set forth in those paragraphs.

Defendant had no other objections to the PSR.  Thus, the Court adopted the PSR as written and adopted its findings, with the exception of the statements set forth in ¶¶ 33 and 34.  Defendant Adcock had a base offense level of 6.  <u>U.S.S.G.</u> § 2B1.1(a)(2).  He received a six-level enhancement in offense level, under U.S.S.G. § 2B1.1(b)(1)(D), based on the finding that the amount of loss was $38,155.34, which excluded the audit amount of over $3,000.00.  Defendant received a two-level enhancement in offense level, under U.S.S.G. § 3B1.3, for violation of public or private trust.  He also received a two-level enhancement in offense level, under U.S.S.G. § 3C1.1, for obstruction of justice.  Accordingly,

Defendant Adcock's final offense level was 16.  Defendant had 1 Criminal History point, which placed him in Criminal History Category I.  An offense level of 16 and Criminal History Category I called for a sentence of 21-27 months imprisonment, which was in Zone D of the Guideline range.

The Court noted that the Guidelines are advisory, and that the Court was required to exercise its discretion to determine Defendant Adcock's sentence, considering the Guidelines, the statutory sentencing factors, and all other relevant information.  United States v. Booker, 543 U.S. 220 (2005); 18 U.S.C. § 3553(a).  In sentencing Defendant, the Court noted that a sentence within the Guideline range would be appropriate based on the fact that even though Defendant did much good in the community and raised a wonderful family, he committed a serious crime of fraud by stealing money from an agency that provided affordable housing for the poor.  The Court also noted that the fact that Defendant has a prior felony conviction for a fraud related offense was disturbing.

THEREFORE, after considering the case file, the PSR, the statements of counsel, Defendant's own statement, the testimony of witnesses, the applicable Sentencing Guidelines, and the sentencing factors set forth in 18 U.S.C. § 3553(a), the Court sentenced Defendant Adcock to 21 months

6

imprisonment on each count, all to run concurrently.  No fine was ordered.

After his release from prison, Defendant Adcock was ordered to serve a

period of three years of supervised release on each count, all to run

concurrently.  In accordance with the Defendant's request, the Court

allowed Defendant Adcock's motion for permission to self-report by noon

on July 2, 2007.  Adcock was also ordered to pay a $1,200.00 special

assessment, which was due the date of Defendant's self report date.  The

Court ordered Defendant to pay mandatory restitution in the sum of

$41,174.09, which includes the audit amount, as follows: (1) during his

incarceration, Defendant Adcock shall pay: (a) quarterly installments of a

minimum of $25 on the unpaid balance of the restitution if he is working

in a non-Unicor position, or (b) a minimum of 50 percent of his monthly

earnings if he is employed in a Unicor position; and (2) upon his release

from prison, Defendant Adcock shall pay, in monthly installments, at least

one-third of his disposable income.[3]  At Defendant's request, the Court

ordered that the restitution interest be waived.  In accordance with

Defendant's request, the Court recommended to the Bureau of Prison that

---

[3]The Court rejected Defendant's argument that his restitution obligation was limited to the audit amount based on the fact that actual work was performed.

Defendant be placed in a facility as close to central Illinois as possible.  The Court advised Defendant of his appeal rights.  At Defendant's request, the Court directed the Clerk to file a notice of appeal on behalf of Defendant Adcock.

IT IS THEREFORE SO ORDERED.

ENTER:   February 28, 2007.

FOR THE COURT:

s/  Jeanne E. Scott

JEANNE E. SCOTT

UNITED STATES DISTRICT JUDGE
